418 A.2d 763

**COMMONWEALTH of Pennsylvania**

v.

**Anthony HARRIS, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 28, 1980.

Filed March 14, 1980.

Petition for Allowance of Appeal Denied Nov. 14, 1980.

Hugh C. Clark, Philadelphia, for appellant.

Bernard L. Siegel, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, O'BRIEN and CIRILLO, JJ.*

\* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania, and Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

CIRILLO, Judge:

On July 9, 1976, the appellant, Anthony Harris, had an argument outside of a bar in Philadelphia with David Anderson concerning the return of appellant's handgun allegedly stolen by Anderson. The argument terminated with appellant firing three shots, one of which wounded Anderson fatally. The appellant fled the scene of the killing. On November 30, 1976, three Philadelphia police officers travelled to Delaware with a warrant and obtained the assistance of Delaware police. The appellant was arrested by Delaware police pursuant to a Delaware statute which authorizes arrest and detainer on suspicion that one is a fugitive from justice. The appellant was interrogated by Philadelphia police and gave a full statement, which he signed. He was then transported to Philadelphia, arraigned and later found guilty by a jury of murder of the first degree and possession of an instrument of crime. The appellant has raised several issues on appeal.

The appellant first contends that his statement should have been suppressed because it was the product of an illegal arrest. This contention is without merit because the Court below found that the arrest was validly made by the Delaware police pursuant to one of two Delaware statutes. The first is Section 1902 of the Delaware Crimes Code, which is popularly known as the two–hour law. That statute authorizes any policeman to stop and detain any person suspected of having committed a crime and to question such person for a period of two hours. Section 1904 of the Delaware Code provides that a person may be arrested without a warrant where the arresting officer has reasonable ground to believe that the person has committed a felony. In this case, the arresting Delaware policeman testified that he consulted with the Philadelphia police and examined the warrant in their possession, and concluded that the appellant had committed a felony in Pennsylvania. Therefore, even though the suppression court held that the warrant was defective, the Philadelphia police supplied the Delaware police sufficient information for them to conclude

that the appellant had committed a felony. The arrest was, therefore, lawful and the appellant's statement was properly admitted into evidence.

■ The appellant next contends that his statement should have been suppressed because it was the prejudicial product of an unnecessary pre–arraignment delay. The Supreme Court first enunciated the doctrine of unnecessary delay in *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). That case held that all evidence obtained during unnecessary delay between arrest and arraignment is inadmissible except that which has no reasonable relationship to the delay. In *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977), the Court adopted a rule which would require arraignment within six hours of arrest. In this case, the arraignment was held some seven hours after the arrest. However, the rule in *Davenport* was made applicable only to arrests after May 21, 1977. The six–hour rule is, therefore, not applicable to this case. In any event, the alleged unnecessary delay in this case bears no relation to the statement taken since the statement was taken and signed only two hours after the arrest. No case has been found or cited where a period of two hours is considered unnecessary delay. In *Davenport*, the statement was given after eight hours of interrogation. We hold that there was no unnecessary delay in this case, and the statement was properly admitted into evidence.

■ The appellant next contends that the trial court erred in refusing to allow the defense to introduce the prior record of the deceased as to convictions for robbery and aggravated assault. The Supreme Court held in *Commonwealth v. Amos*, 445 Pa. 297, 284 A.2d 748 (1971), that prior convictions involving aggression by the victim of a homicide may be introduced into evidence for one of two purposes: (1) To corroborate the defendant's alleged knowledge of the victim's quarrelsome and violent character to show that the defendant reasonably believed that his life was in danger; or (2) To prove the alleged violent propensities of the victim to show that the victim was in fact the aggressor. Neither

of those two purposes is applicable to this case. The defendant did not testify as to his alleged knowledge of the victim's quarrelsome and violent character. The violent propensities of the victim would not be relevant to prove that he might have been the aggressor because the defendant testified only that he was afraid that the victim might have been in possession of his gun, which would therefore have implicated him in crime. There is no testimony that would indicate that the defendant in this case acted in self–defense. The record of the victim's convictions was, therefore, properly ruled inadmissible.

■ The appellant's final complaint is that certain remarks made by the prosecutor during his closing argument constituted misconduct that should have resulted in a mistrial. We have examined the record and find that the complained of comments by the prosecutor were not so improper as to warrant a mistrial. In any event, the two comments complained of were ordered disregarded by the trial court and were, therefore, cured by the court's instructions.

The defendant in this case was fairly tried and properly convicted under the evidence of murder in the first degree.

Judgment of sentence is hereby affirmed.