616 A.2d 26

**COMMONWEALTH of Pennsylvania**

v.

**Vincent SZARKO, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 3, 1992.

Filed Nov. 12, 1992.

154

Ronald Ervais, Philadelphia, for appellant.

John K. McDonald, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CIRILLO, POPOVICH and HOFFMAN, JJ.

CIRILLO, Judge.

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Philadelphia County. We affirm.

Appellant Vincent Szarko was tried before the Honorable Russell M. Nigro and convicted of statutory rape, indecent exposure, indecent assault, and corruption a minor. The victim, Szarko's stepdaughter, had been subjected to Szarko's sexual abuse for approximately two years. Following the denial of post-trial motions, Szarko was sentenced to a term of imprisonment of one to two years. This appeal followed. Szarko raises the following issues for our review:

1. Did the quashing of the subpoena issued to Judge Edward R. Summer deny the defendant access to exculpatory evidence?

2. Did the granting of the Commonwealth's motion in limine which limited the right of the defendant to question

the credibility of the complainant, cause prejudice to the defendant in that:

it prevented the introduction of evidence that the complainant had made similar allegations against other males?

it prevented the defendant from responding to the closing argument of the prosecutor, who raised the issue as to how the complainant would know of the physical components of ejaculation if not from the defendant?

3. Did the trial court improperly admit into evidence documents and statements, which had not been supplied to the defendant pursuant to this discovery request, including:

the failure to advise the defendant of the exact or even approximate dates of the alleged occurrences?

the acceptance of testimony of alleged prior occurrences, even after a court of equal jurisdiction had previously heard the allegations?

4. Did the trial court err in sentencing the defendant for a period in excess of the "guidelines" without the required contemporaneous written statement?

5. Did the offenses for which the defendant was sentenced merge?

6. Was there any evidence of a consensual sexual relationship between the defendant and the complainant, sufficient to support the verdict?

The trial court has properly disposed of issues one, two, three, and six. We, therefore, rely upon the trial court's opinion, affirming its resolution of those claims.

In issue four, Szarko asserts that the sentencing court erred in sentencing him outside the guidelines without the required contemporaneous statement. This argument is meritless. The Sentencing Code provides in part:

In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. *In every case where the court imposes a sentence outside the sentencing guidelines ... the court shall pro-*

*vide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines.*

42 Pa.C.S. § 9721(b) (emphasis added). A sentencing court need only consider the guidelines prior to sentencing; if the court chooses to sentence outside the guidelines, it must then explain the reasons for this deviation. *Id. See Commonwealth v. Wright,* 411 Pa.Super. 111, 600 A.2d 1289 (1991).[1] *See also Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977). Contrary to Szarko's claim on appeal, however, the court did sentence within the guidelines. Statutory rape is a felony of the second degree, carrying an offense gravity score of six. According to the guidelines, the *minimum* term of confinement in the standard range is 4–12 months. The court sentenced Szarko to one to two years imprisonment; the minimum term, one year, is within the standard range. Szarko's claim, therefore, is factually baseless.

■ With respect to issue five, Szarko claims that the offenses of corruption of the morals of a minor and statutory rape should have merged for sentencing purposes. The trial court, in its opinion, stated that it agreed with Szarko's argument and recommended that this court vacate the sentence it had imposed for corruption of minors. *See Commonwealth v. Fetzner,* 372 Pa.Super. 469, 539 A.2d 890 (1988).

"The doctrine of merger has been invoked to limit duplicitous sentencing where one crime 'necessarily involves' the other, *Commonwealth v. Nelson,* 452 Pa. 275, 305 A.2d 369 (1973); *Commonwealth ex rel. Moszynski v. Ashe,* 343 Pa. 102, 21 A.2d 920 (1941) or where a defendant committed what in effect amounts to a single criminal act, *Commonwealth v. Crocker,* 280 Pa.Super. 470, 421 A.2d 818 (1980)." *Commonwealth v. Sayko,* 511 Pa. 610, 614, 515 A.2d 894, 896 (1986).

---

1. Similar to the requirement that a court state its reasons for the sentence imposed, *see Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977), the Sentencing Code also requires the court to state its reasons for deviating from the guidelines if in fact the court chooses to do that. We emphasize that the court has the *discretion* to sentence outside the guidelines, but if it does so, the court *"shall"* explain "the reason or reasons for the deviation from the guidelines." 42 Pa.C.S. § 9721(b). The explanation is not a discretionary matter. *See Commonwealth v. Wright, supra.*

In *Fetzner, supra,* this court stated: "Our Court has consistently held that a conviction for corruption of a minor is a 'lesser included offense and is therefore merged into a statutory rape conviction where the jury finds a defendant guilty on both [charges].'" *Fetzner,* 372 Pa.Super. at 479, 539 A.2d at 894 (citations omitted). There, the information clearly indicated that the appellant had been charged with corrupting a minor *"because* he allegedly engaged in sexual intercourse with the minor victim." *Id.* at 480, 539 A.2d at 895. Here, the sexual abuse spanned a two year period and comprised more than one criminal act. The appellant engaged in acts tending to corrupt the morals of a minor other than the actual act of sexual intercourse, the latter specifically proscribed by the statutory rape statute. 18 Pa.C.S. § 3122. Thus, Szarko and the trial court have misapprehended the applicability of *Fetzner* to the instant case. Applying the Supreme Court's rationale in *Sayko, supra,* the offenses of statutory rape and corruption of minors do not merge for sentencing purposes.

Judgment of sentence affirmed. A copy of the trial court's opinion is attached for purposes of allocatur.

APPENDIX

IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY

FIRST DISTRICT OF PENNSYLVANIA

CRIMINAL TRIAL DIVISION

April Term, 1990

Numbers 0023—0029

Commonwealth

v.

Vincent Szarko

OPINION

(Filed Nov. 7, 1991)

NIGRO J.

On November 13, 1990, following a trial before this Court sitting without a jury, the defendant was convicted of Statuto-

ry Rape, Indecent Exposure, Indecent Assault, and Corrupting A Minor. Post Verdict Motions were argued and denied on February 1, 1991. On that same date, the defendant was sentenced to not less than one year nor more than two years of incarceration.

The evidence adduced at trial was that over a period of years the defendant had subjected his stepdaughter, Leanne Kersch, to sexual advances. The victim testified that the first time the defendant had touched her was the week before Christmas in 1987 when the defendant had fondled her breasts and vagina. (N.T. 11/8/90, pp. 6, 12). The defendant continued to fondle the complainant on a regular basis for several months.

The victim, who at the time was eleven years of age, memorialized these events in her diary. The victim's brother, Michael, discovered the diary and showed it to his mother, Lilly Szarko. The victim's mother confronted her regarding the contents of the diary. The victim confirmed that what she had written in the diary was true. Lilly Szarko confronted the defendant who denied that Leanne's allegations were true. Lilly Szarko then then told the child, Leanne, to tell her if any incidents occurred again. (N.T. 11/8/90, 22–24).

Thereafter, Leanne received an orientation about child abuse that was given to her sixth grade class at school. The speaker was Philadelphia Police Officer Beverly Parker. After the lecture was given to her class, Leanne wrote a note to the officer which read:

Dear Offercer (sic) Parker,

My dad sexually abuses me I told my mom the first time but she said if it happens agean (sic), tell her but I am scared. What should I do.

Leanne Kersch

(N.T. 11/9/90, p. 7).

As a result of Leanne's letter, Officer Parker notified the school counselor, the school principal, and the child's mother. Subsequently, Leanne was removed from her home and placed through the Department of Human Services. In December,

1988, Leanne was permitted to move in with Nancy and Bill Hifferty, friends of the family, with whom she stayed until August of 1989. At that time, with the approval of the Honorable Edward R. Summers, Leanne was permitted to return home on the condition that locks be installed on the door of her bedroom and the bathroom, and that the defendant would not be permitted to be alone with her under any circumstances. (N.T. 11/8/90, pp. 28–31)

Soon after Leanne returned home the defendant began engaging in sexual activity with her. She testified that although she had private conversations with Judge Summers she did not reveal what was occurring because she did not want to be removed from her home again. (N.T. 11/8/90, p. 64).

Leanne testified that about three weeks into the school term the defendant knocked on her bedroom door, entered, naked from the waist down, undressed her, and then inserted his penis into her vagina. (N.T. 11/8/90, pp. 37–41). The defendant told Leanne that he was having sex with her because he "didn't get nothing off my mother." (N.T. 11/8/90, p. 46). In a subsequent incident, the defendant put his penis in the complainant's mouth and ejaculated. (N.T. 11/8/90, pp. 44–45).

Of the issues raised on appeal by the defendant, two relate to rulings made by other judges of equal jurisdiction. They are: whether the subpoena issued to the Honorable Edward R. Summers to testify was improperly quashed; and, whether the Commonwealth's Motion In Limine to prevent cross-examination of the complainant regarding her allegations of rape against another male was improperly granted. These issues, however, were decided by judges of equal jurisdiction. Hence, this Court was bound by their rulings. *Commonwealth v. Eck* [272 Pa.Super. 406], 416 A.2d 520 (Pa.Super.1979); *Reifinger v. Holiday Inns, Inc.* [315 Pa.Super. 147], 461 A.2d 839 (Pa.Super.1983).

With regard to the issues and rulings of this Court, first, the defendant alleges that the verdicts were clearly against the weight of the evidence. The law is clear that when a court is

faced with a challenge based upon the weight of the evidence it must determine whether "the verdict was so contrary to the evidence as to shock one's sense of justice and make the award of a new trial imperative." *Commonwealth v. Farquharson* [467 Pa. 50], 354 A.2d 545, 550 (Pa.1976); *Commonwealth v. Jenkins* [396 Pa.Super. 395], 578 A.2d 960, 962 (Pa.Super.1990); *Commonwealth v. Hunter* [381 Pa.Super. 606], 554 A.2d 550, 555 (Pa.Super.1989). Credibility determinations are within the sole province of the trier of fact who is free to believe all, part, or none of the testimony presented. *Commonwealth v. Rodgers* [500 Pa. 405], 456 A.2d 1352 (Pa.1983); *Commonwealth v. Rivers* [383 Pa.Super. 409], 557 A.2d 5 (Pa.Super.1989), *allocatur denied* [523 Pa. 648] 567 A.2d 652 (Pa.1989). Moreover, such credibility findings should not be disturbed on appeal. *Commonwealth v. Wallace* [522 Pa. 297], 561 A.2d 719 (Pa.1989); *Commonwealth v. Garcia* [370 Pa.Super. 132], 535 A.2d 1186 (Pa.Super.1988), *allocatur denied,* [519 Pa. 652] 546 A.2d 67 [57] (Pa.1988); *Commonwealth v. Whiteman* [336 Pa.Super. 120] 485 A.2d 459 (Pa.Super.1984).

In the instant matter, the trier of fact, after hearing all the evidence, found the testimony of the complainant to be credible in part. This Court rejected the testimony of the defendant who categorically denied engaging in any sexual activities with the victim. As such, the verdict was not so contrary to the evidence of record that it is shocking to one's sense of justice.

Next, the defendant complains that this Court overruled a court of equal jurisdiction when it found the defendant guilty of statutory rape, which he alleges is contrary to the decision of the Honorable Edward R. Summers, who had allegedly "determined that the family was dysfunctional" and had allegedly "ordered the Department of Health and Human Services not to make any further references to the sexual allegations." Stated differently, the defendant is arguing that, based upon double jeopardy principles the family court ruling acts as a bar to his subsequent criminal prosecution, assuming, arguendo, that Judge Summers' rulings were what the defendant states them to be. This argument is without merit.

The weakness in the defendant's argument is that the family court proceedings to which he refers are essentially civil in nature. A prior criminal proceeding is a prerequisite. Absent from the instant matter are any prior criminal proceedings, hence, double jeopardy does not attach. *Commonwealth v. Allen* [506 Pa. 500], 486 A.2d 363 (Pa.1984).

Next, defendant complains that that the Commonwealth's response to defense argument that the complainant lied was improper and prejudicial. More specifically, the defendant challenges the Commonwealth's response that the defense offered no motive for the complainant to lie to support that contention. Defendant proffers that the complainant's motive to lie was to have the defendant removed from the house. He argues that he was prohibited from exploring the same by the pre-trial ruling that he could not question the complainant regarding her allegations of sexual activities with her aunt's boyfriend. However, the defendant argument is fatally flawed inasmuch as the complainant's allegations against her aunt's boyfriend bear no relevance to her motive to have the defendant removed from her house. Rather, this is merely another attempt by the defendant to introduce irrelevant evidence of bad character.

Also, defendant claims that the Commonwealth, in its closing argument, raised the question as to how else could the complainant be able to describe ejaculation unless it was from the actions of the defendant. Defendant alleges that since he was prohibited from discussing the complainant's other sexual conduct or activities this argument was prejudicial. However, the complainant's conduct which the defendant was prohibited from introducing occurred years subsequent to the acts which the defendant perpetrated upon the victim. The statements, by the victim, were given years before the sexual conduct which the defendant was trying to introduce. The Commonwealth made this argument with regard to the consistency in the victim's statements.

Furthermore, this Court heard the case as the trier of fact sitting without a jury. Although this Court permitted the

respective attorneys to present argument, it decided this case solely upon the evidence introduced at trial. This Court did not give undue weight to, nor was it improperly influenced by, the arguments of counsel.

The law recognizes that concerns with safeguarding the finder of fact from forming bias and hostility toward defendants, such that the evidence could not be weighed and true verdict rendered, by protecting against improper remarks of prosecution, are lessened, if not eliminated, where the trial judge sits as the finder of fact. Our Supreme Court, in *Commonwealth v. Harvey* [514 Pa. 531], 526 A.2d 330, 330 (Pa.1987), recognized that the training and experience of jurists better equips them to render a verdict based on the relevant and competent evidence introduced at trial and disregard inadmissible evidence and other improper elements. This Court rendered a verdict in the instant matter based on the evidence introduced at trial and independent of the argument of the Commonwealth.

The defendant next argues that testimony and evidence of sexual conduct on the part of the defendant was improperly admitted as it related to prior police contact. Furthermore, the defendant complains that he was not provided notice of the Commonwealth's intent to introduce said evidence. Specifically, the defendant complains about the introduction of sexual acts which the defendant perpetrated upon the victim in 1987 and 1988. The bills of informations charge a time period of "9/12/89 and on divers dates thereinafter up to and including 3/12/90."

At trial, the defendant objected to the Commonwealth's attempt to introduce evidence of the defendant's conduct toward the complainant in 1987 stating that said evidence was beyond the indictment. (N.T. 11/8/90, p. 8). The Commonwealth responded that it was introducing the aforementioned testimony to establish a long progressive series of events. This Court permitted the testimony limited to that purpose.

Generally, evidence of other crimes committed by a defendant are inadmissible because of the prejudice it would create

in the minds of jurors. *Commonwealth v. Bradley* [243 Pa.Super. 208], 364 A.2d 944 (Pa.Super.1976). However, evidence of crimes not charged in the information on which the defendant is being tried may be introduced in certain limited circumstances. *Commonwealth v. Fuller* [479 Pa. 353], 388 A.2d 693 (Pa.1978). In this regard, evidence of prior sexual encounters by the defendant upon the victim is admissible if it is one of a series of continuing events. *Commonwealth v. Rodriguez* [343 Pa.Super. 486], 495 A.2d 569 (Pa.Super.1985).

In the instant matter, the complainant testified that in December of 1987, a few weeks before Christmas, the defendant began rubbing her vagina. (N.T. 11/8/90, pp. 12–13). She testified that the defendant would rub her breasts and vagina on almost a daily basis until she told Officer Parker. (N.T. 11/8/90, pp. 20–21). Officer Parker testified that the complainant told her of the defendant's actions on November 29, 1988. (N.T. 11/9/90, p. 5). The victim testified that she was removed from her home at that time by the Department of Human Services and did not return home until August, 1989. The child testified that about three weeks into the school term the defendant knocked on her bedroom door, entered, naked from the waist down, undressed her, and then inserted his penis into her vagina. N.T. 11/8/90, pp. 37–41). The defendant told the child that he was having sex with her because he "didn't get nothing off my mother." (N.T. 11/8/90, p. 46). She stated that the defendant would engage in such conduct with her on an every other day basis. In a subsequent incident, the defendant put his penis in the complainant's mouth and ejaculated. (N.T. 11/8/90, pp. 44–45).

Here, the testimony regarding the defendant's continued fondling of the complainant's breasts and vagina was clearly admissible to establish a continuing course of conduct on the part of the defendant which temporarily ceased only when the child was removed from home by the Department of Human Services. However, when she was permitted to return home, not only did the defendant's conduct resume, it had escalated to include sexual intercourse. Therefore, testimony relating

to the defendant's prior acts with the complainant were properly admitted under the aforementioned authority.

Without any allegation of prejudice, defendant complains that this Court permitted the testimony of Pamela Gaskins who purported to testify from the records of the Department of Human Services. The defendant misconstrues the import of Ms. Gaskin's testimony, and consequently his argument is without merit.

At trial, Pamela Gaskins, the social worker charged with the care of Leanne Kersch's well-being, testified as to her placement of the child in various homes so that she would be safe from the defendant's sexual advances. Gaskins further testified that after the child had been placed in various homes she was finally permitted to return to her own home where her mother and the defendant had resided. Gaskins testified that the child returned to her home on September 20, 1989. Gaskins testified that she checked her records which reflected the aforementioned date. The defendant did not object to this testimony at trial. Rather, the defendant now raises a multitude of alleged errors, none of which impacted upon the ultimate issue in this case: Did the defendant engage in unlawful sex with the complainant? After receiving a fair trial before this Court, this ultimate issue was resolved against the defendant. As such, his claims of error are frivolous.

Next, defendant complains that the Commonwealth failed to provide the defendant with the dates alleged by the complainant, the oral statements made by the complainant, or a copy of the exhibit which was a note written by the complainant to Officer Parker of the DARE unit. To the contrary, defendant was properly notified of the criminal charges he had to meet. While it is true that an accused must be reasonably apprised of the date of the crime charged against him, *See Commonwealth v. Devlin* [460 Pa. 508], 333 A.2d 888 (Pa.1975); *Commonwealth v. Levy* [146 Pa.Super. 564], 23 A.2d 97 (Pa.Super.1941), that does not mean that the Commonwealth is required to establish the exact date of an offense in all cases. Rather, the rights of an accused must be considered against

"the nature of the crime and the age and condition of the victim." *Commonwealth v. Devlin, supra.*

Hence, where, as here, the crime is a continuing one and is obviously less susceptible to being dated within a reasonable degree of certainty, especially where the victim is a child, the courts have not required the Commonwealth to establish the dates of each occurrence. *Commonwealth v. Groff* [378 Pa.Super. 353], 548 A.2d 1237 (Pa.Super.1988); *Commonwealth v. Volk* [298 Pa.Super. 294], 444 A.2d 1182 (Pa.Super.1982); *Commonwealth v. Niemetz* [282 Pa.Super. 431], 422 A.2d 1369 (Pa.Super.1980). Thus, where an accused complains of the Commonwealth's failure to establish the crime with certainty, the courts have allowed the Commonwealth a reasonable measure of flexibility when faced with the special difficulties involved in ascertaining the dates of assaults upon young children.

In the present matter, the defendant was apprised of, through the bills of information, the period of time during which the acts were alleged to have occurred. The charged acts were perpetrated upon the victim when she was between the ages of twelve and thirteen. The charged acts were alleged to have occurred over a six month period from 9/1/89 to 3/12/90. Balancing the length of the period of time alleged in the bills of information and the age of the child victim, the dates provided to the defendant were within the reasonable measure of flexibility allowed to the Commonwealth in child molestation cases. A corollary is that if the Commonwealth does not have to allege a specific date in the bills of information, nor does it have to prove a specific date at trial, then it necessarily follows that the Commonwealth does not have to provide the defendant with a specific date or dates through discovery. Therefore, the defendant's challenge fails.

Defendant complains that he was not provided with the oral statements of the complainant. Also, he complains that he was not provided with a copy of the note written by the complainant to Police Officer Parker. However, these requested items were the subject of a pre-trial discovery motion

made by the defendant. As such, this Court, again, will not overrule the ruling of another court of equal jurisdiction. *Commonwealth v. Eck* [272 Pa.Super. 406], 416 A.2d 520 (Pa.Super.1979); *Reifinger v. Holiday Inns, Inc.* [315 Pa.Super. 147], 461 A.2d 839 (Pa.Super.1983).

Next, defendant argues that the Court erred in permitting hearsay testimony of Officer Parker. He does not state specifically what testimony he alleges was improperly admitted. However, defendant failed to object at trial to any testimony which he considered to be hearsay and thus failed to preserve this issue for appeal. *Pa.R.Crim.P. 1119(b); Commonwealth v. Martinez* [475 Pa. 331], 380 A.2d 747 (Pa.1977).

Defendant's next argument, that this Court exceeded the "Aggravated Range maximum under the Sentencing Guideline," is predicated upon incorrect premises: the Sentencing Guidelines provide recommended maximum sentences; and the defendant was given an "Aggravated Range" sentence or greater. First, the Sentencing Guidelines provide recommended minimum, not maximum, sentences which a court considers in fashioning a sentence. Secondly, this Court sentenced the defendant within the standard range of the guidelines contrary to the defendant's assertion that the sentence imposed exceeded the aggravated range. The defendant was sentenced to 1 to 2 years of incarceration. The offense gravity score for Statutory Rape is 6. The defendant's prior record was calculated as zero. The sentencing guidelines provide for a recommended 4–12 month period of incarceration in the standard range for a "6—0" combination. Therefore, the defendant's argument fails inasmuch as this Court gave the defendant a standard range sentence.

Although the defendant failed to offer any objection at sentencing, he claims on appeal that the conviction for Corrupting the Morals of a Minor merges with the conviction for Statutory Rape. However, since the claim goes to the legality of the sentence it cannot be waived by failing to raise it in the court below. *Commonwealth v. Campbell* [351 Pa.Super. 56], 505 A.2d 262 (Pa.Super.1986).

Turning to the merits of the defendant's claim, a review of the applicable case law reveals that in order to determine if separate statutory offenses merge, the court must examine whether the crimes arose out of the same criminal act, transaction, or episode and also that the statutes defining the crimes charged were directed to substantially the same harm or evil. *Commonwealth v. Williams* [344 Pa.Super. 108], 496 A.2d 31 (Pa.Super.1985) (*en banc*). Our Courts have consistently held that a conviction for corruption of a minor is a lesser included offense and merges into a statutory rape conviction where the defendant is found guilty of both offenses. *Commonwealth v. Fetzner* [372 Pa.Super. 469], 539 A.2d 890 (Pa.Super.1988); *Commonwealth v. Stafford* [307 Pa.Super. 278], 453 A.2d 351 (Pa.Super.1982); *Commonwealth v. Reidenbaugh* [266 Pa.Super. 315], 404 A.2d 697 (Pa.Super.1978); *Commonwealth v. Cox* [209 Pa.Super. 457], 228 A.2d 30 (Pa.Super.1967). With such being the state of the law, and this appeal representing the first time either the Commonwealth or the defendant has brought the issue to this Court's attention, it is clear that the conviction for Corrupting the Morals of a Minor merges with his conviction of Statutory Rape for sentencing purposes. As such, it is recommended that the Superior Court vacate the defendant sentence for Corrupting the Morals of a Minor since the matter was not presented to this Court until it no longer had jurisdiction.

In his next three matters complained of on appeal the defendant, in essence, challenges the sufficiency of the evidence on the offenses of Statutory Rape, Indecent Assault, and Indecent Exposure. The defendant argues that the verdicts are inconsistent with each other.

First, the defendant argues that there was no evidence to support his conviction for Statutory Rape, as neither the complainant nor the defendant testified of any sexual conduct by consent. The defendant's argument appears to imply that the burden of proof is on the Commonwealth to prove consent. However, the law is clear that "[t]he absence, existence, or effectiveness of the victim's consent is immaterial to the crime of statutory rape." *Commonwealth v. Rhodes* [510 Pa. 537],

510 A.2d 1217 (Pa.1986). The defendant's guilt of this crime of Statutory Rape was established by the proven elements that he was older than eighteen years and that he engaged in sexual intercourse with a victim who was younger than fourteen years. The defendant was 38 years old at the time of the incident and the child victim was thirteen. She testified that the defendant had vaginally penetrated her with his penis. Hence, there was sufficient evidence presented at trial to sustain the defendant's conviction for Statutory Rape.

Next, the defendant apparently complains that the verdicts of guilty on the charges of Indecent Assault and Indecent Exposure are inconsistent with the verdicts of guilty on the Statutory Rape charge and not guilty on the Rape charge. The defendant claims that the trier of fact had determined that the conduct was with consent and the respective statutes for Indecent Assault and Indecent Exposure imply that those offenses are committed without consent. This argument is without merit.

It is well recognized that consistency in criminal verdicts is not required. Inconsistent verdicts are proper so long as the evidence is sufficient to support the convictions that the trier of fact has returned. *Commonwealth v. Trill* [374 Pa.Super. 549], 543 A.2d 1106 (Pa.Super.1988); *Commonwealth v. Graves* [310 Pa.Super. 184], 456 A.2d 561 (Pa.Super.1983).

Here, there is clearly sufficient evidence to support the defendant's convictions on the charges of Indecent Assault and Indecent Exposure. The complainant testified that the defendant entered her room naked from the waist down. She testified that the defendant threw her on the bed, pulled off her underwear, placed his body upon hers, and subsequently inserted his penis into her vagina. (N.T. 11/8/90, pp. 37–38). Viewing the record in the light most favorable to the Commonwealth, this evidence if believed was sufficient to support the defendant's convictions for Indecent Assault and Indecent Exposure. Hence, his challenge must be denied.

BY THE COURT:

(s) Russell M. Nigro

RUSSELL M. NIGRO, J.