COMMONWEALTH of Pennsylvania,
Appellee,

v.

Jay Michael BOYER, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 5, 2004.
Filed Aug. 3, 2004.

Edward J. Rymsza, Williamsport, for appellant.

David P. Johnson, Asst. Dist. Atty., Lewisburg, for Com., appellee.

BEFORE: DEL SOLE, P.J., JOYCE, and KLEIN, JJ.

OPINION BY JOYCE, J.:

¶ 1 Jay Michael Boyer, Jr. (Appellant) appeals from the judgment of sentence entered in the Court of Common Pleas of Union County, following his conviction for one count of conspiracy to commit robbery, two counts of robbery, one count of burglary, and two counts each of terroristic threats, unlawful restraint, and simple assault. On appeal, Appellant claims that the imposition of a 26 to 100 year sentence was manifestly excessive; that he was denied a fair trial because the trial court permitted the introduction of evidence of the guilty plea of a co-defendant; that the trial court failed to give a cautionary instruction to the jury that this guilty plea should not be considered as evidence; that the omission of a corrupt source instruction was error; and that the trial court erred in finding that Appellant's counsel did not render ineffective assistance. Upon review, we affirm the judgment of sentence, and dismiss the ineffective assistance of counsel claims without prejudice.

¶ 2 On August 31, 2001, Appellant and his two co-defendants forcefully entered the residence of an elderly couple. Appellant was armed with a pellet gun. The perpetrators threatened to shoot the victims, tied them up with duct tape, and stole a large sum of money. Following conviction, the sentencing court imposed the five-year mandatory minimum sentences on the convictions for conspiracy to commit robbery (18 Pa.C.S.A. § 903) and burglary (18 Pa.C.S.A. § 3502), and imposed five and one-half years minimums on the two counts of robbery (18 Pa.C.S.A. § 3701(a)(1)(ii)). The court also imposed the statutory maximum sentence of twenty years on each of these charges. Next, the court sentenced Appellant applying the deadly weapon enhancement to 15 to 60 months' imprisonment both counts of unlawful restraint (18 Pa.C.S.A. § 2902) and both counts of making terroristic threats (18 Pa.C.S.A. § 2706). Finally, the trial court sentenced Appellant to serve 12 to 24 months' imprisonment on both counts of simple assault (18 Pa.C.S.A. § 2701). Appellant was sentenced to the statutory maximum on each charge, and each sentence was ordered to be served consecutively. N.T. Sentencing, 12/17/02, at 14. A post-sentence motion was filed alleging that the sentences for simple assault should merge with the sentences for robbery. The trial court granted this relief in an order filed May 9, 2003. Accordingly, Appellant received an aggregate sentence of 312 to 1,200 months' imprisonment.

■ ¶ 3 Appellant argues that his sentence was manifestly excessive and that the court erred by considering only the serious nature of the offenses and failing to consider mitigating factors such as his age (19) at sentencing, his rehabilitative needs, his limited education, his years of drug dependency, and his family dysfunction. We note there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Mouzon*, 571 Pa.

419, 812 A.2d 617, 621 (2002). Rather, allowance of appeal will be permitted only when the appellate court determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code. *Id.* The determination of what constitutes a substantial question is made on a case-by-case basis. *Commonwealth v. McNabb,* 819 A.2d 54 (Pa.Super.2003). A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. *Id.* at 56.

¶ 4 An appellant who seeks to challenge the discretionary aspects of his or her sentence must provide a separate statement, pursuant to Rule of Appellate Procedure 2119(f), specifying where the sentence falls in relation to the Sentencing Guidelines and what particular provision of the Sentencing Code has been violated. *Id.* The 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm. *Id.* Appellant has included a 2119(f) statement, and we will proceed to a determination of whether Appellant has raised a substantial question.

¶ 5 In Appellant's 2119(f) statement he alleges that the trial court imposed a manifestly excessive sentence and focused solely on the serious nature of the crimes he committed. We find that Appellant has raised a substantial question, and we will therefore address the merits of his claim. *See Commonwealth v. Walls,* 846 A.2d 152 (Pa.Super.2004) (wherein a panel of this court stated that it is error for the trial court to base its sentence on the seriousness of the crime alone).

¶ 6 Initially, it is necessary that we dispel a misconception at the heart of Appellant's argument. At page 13, Appellant claims that based on federal truth-in-sentencing incentive grant laws (TIS), he is condemned to served at least 85% of his maximum sentence before he is eligible for parole, necessitating in this instance a minimum sentence of 85 years' imprisonment. Brief for Appellant at 13. This assertion is incorrect.

¶ 7 While it is true that to qualify for federal TIS grants, a state must require certain violent offenders to serve not less than 85% of their sentence (*see* 42 U.S.C. §§ 13701–13712), and while it is also true that Pennsylvania qualifies for the federal grant program (*see Carter v. Muller,* 45 F.Supp.2d 453, 456 (E.D.Pa. 1999)), it is not true that a violent offender in Pennsylvania must serve 85% of his maximum sentence in order for Pennsylvania to qualify for the TIS grants.

¶ 8 Pursuant to the TIS, a state is eligible for the grant when a person convicted of certain violent crimes serves, on average, not less than 85% of the prison term established under that State's sentencing and release guidelines. 42 U.S.C. § 13704(a)(3)(A). In Pennsylvania, our sentencing and release guidelines provide that, at the discretion of the Parole Board, parole may be granted after the expiration of the **minimum** term. 61 P.S. § 331.21 (emphasis supplied). The misconception stems from the fact that a state may alternatively qualify for the TIS grant by showing that inmates serve on average not less than 85% of the **maximum** prison term. 42 U.S.C. § 13704(a)(3)(B) (emphasis supplied).

¶ 9 However, Pennsylvania does not qualify under section (B); it qualifies under subsection (A). *Carter; Commonwealth v. Baldwin,* 760 A.2d 883 (Pa.Super.2000). Pennsylvania is an indeterminate sentencing state; indeterminate sentencing under this section of the Federal Act, is defined as: "a system by

which—(A) the court may impose a sentence of a range defined by statute; and (B) an administrative agency, generally, a parole board, or the court, controls release within the statutory range...." 42 U.S.C. § 13701(1). Accordingly, Appellant's assertion that there is a requirement that violent offenders in Pennsylvania must serve 85% of their maximum sentence is without merit as there is no such mandate. In Pennsylvania, the determination as to whether an inmate serves only his minimum sentence, serves the maximum term, or serves some amount of time in between, is a decision to be made by the inmate in how he conducts himself while incarcerated and ultimately up to the Pennsylvania Board of Probation and Parole. Accordingly, Appellant is entitled to no relief as to this aspect of his appeal.

¶ 10 With respect to the balance of Appellant's challenge to the discretionary aspects of his sentence, we note that a sentencing judge is given a great deal of discretion in the determination of a sentence, and that sentence will not be disturbed on appeal unless the sentencing court manifestly abused its discretion. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa.Super.2001) *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2002); 42 Pa.C.S.A. § 9721. The "[s]entencing court has broad discretion in choosing the range of permissible confinements which best suits a particular defendant and the circumstances surrounding his crime." *Commonwealth v. Moore*, 420 Pa.Super. 484, 617 A.2d 8, 12 (1992).

¶ 11 Discretion is limited, however, by 42 Pa.C.S.A. § 9721(b), which provides that a sentencing court must formulate a sentence individualized to that particular case and that particular defendant. Section 9721(b) provides: "[t]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant ...." 42 Pa. C.S.A. § 9721(b).

¶ 12 In *Commonwealth v. Walls, supra,* this Court reviewed a trial court's imposition of a 21 to 60 year sentence after the appellant pled guilty to charges that he sexually molested his seven-year old granddaughter during overnight visits. We held the court abused its discretion when it imposed a sentence outside the sentencing guidelines based on the serious and heinous nature of the crime without taking into account the other section 9721(b) factors. We stated: "The focus should not be upon the seriousness, heinousness or egregiousness of the offense generally speaking, but, rather, upon how the present case deviates from what might be regarded as a "typical" or "normal" case of the offense under consideration." *Walls, supra* at 158.

¶ 13 We note that in the case at bar, *Walls* is not directly on point because here, Appellant's sentences fall squarely within the standard range of the sentencing guidelines for all of his convictions. *See* 204 Pa.Code § 306.15—16 (Pennsylvania Sentencing Guidelines). This is true because the sentencing guidelines provide for minimum and not maximum sentences. *See Commonwealth v. Szarko*, 420 Pa.Super. 153, 616 A.2d 26 (1992). We further note that the length of Appellant's sentence is due in large part to the fact that the sentences were ordered to be served consecutively rather than concurrently. The imposition of consecutive as opposed to concurrent sentences is solely within the discretion of the trial court, and does not in and of itself even rise to the level of a substantial question. *See Commonwealth*

*v. Hoag*, 445 Pa.Super. 455, 665 A.2d 1212, 1214 (1995) (holding that the imposition of consecutive sentences following convictions for multiple criminal acts that arose out of one larger criminal transaction does not raise a substantial question, as a defendant is not entitled to a "volume discount" for his crimes). Nevertheless, as noted above, Appellant argues that the trial court erred in focusing on the serious nature of the crimes committed without considering other relevant factors. We disagree. A review of the record reveals that the trial court clearly stated that it had the benefit of a presentence investigation report. *See* N.T. Sentencing, 12/17/2002, at 2.

¶ 14 In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. *Commonwealth v. Burns*, 765 A.2d 1144, 1150–1151 (Pa.Super.2000) (citations omitted). Additionally, the sentencing court must state its reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b). The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors. *See Burns, supra,* citing *Commonwealth v. Egan*, 451 Pa.Super. 219, 679 A.2d 237 (1996). Additionally, Appellant's argument that the sentences are excessive cannot stand. The trial court did not impose impermissibly

excessive maximum sentences, as they are the maximum terms provided by the statutes of our Commonwealth. *See* 18 Pa. C.S.A. §§ 1103 and 1104.

¶ 15 Here, the trial court reviewed the presentence investigation report, imposed minimum sentences in the standard range of the sentencing guidelines, imposed maximum sentences that were clearly permissible, and chose to order the sentences be served consecutively. We cannot find that the trial court abused its discretion. While we granted Appellant's petition for allowance of appeal on this issue, we find that he is entitled to no relief.

¶ 16 In his second claim, Appellant alleges that he was denied a fair trial because the trial court permitted the introduction of evidence of the guilty plea of co-defendant George MacDougall. The third claim alleges that the introduction of Mac-Dougall's plea without a cautionary instruction to the jury (to avoid "guilt by association") was reversible error and warrants a new trial.

¶ 17 At trial, the Commonwealth called co-defendant George MacDougall to the stand to testify. In addition to his testimony, the Commonwealth wanted to introduce the physical appearance of MacDougall as evidence that he was the third perpetrator because a victim testified that one of the three perpetrators was noticeably taller and "lankier" than the other two.

¶ 18 MacDougall refused to testify because he had previously attempted to withdraw his own plea prior to sentencing and did not want to incriminate himself or hinder a potential appeal. The District Attorney requested the court to take judicial notice of MacDougall's guilty plea to conspiracy to commit robbery and burglary. The facts surrounding MacDougall's plea were read into the record by the District Attorney in the presence of the

jury, and included a reference to the conspiracy to commit robbery and burglary charges with Appellant and co-defendant Tony Yohe. The jury was instructed, by MacDougall's attorney, regarding MacDougall's attempts to withdraw his plea and his post-sentence and appellate rights. Appellant and co-defendant were instructed to stand at the defense table approximately fifteen feet away from MacDougall (who was also standing) so the jury could observe all three standing together. The prosecution wanted to use this evidence to tie MacDougall's size to the defendant's crime.

¶ 19 Here, we agree with the trial court that that it was error to introduce a co-defendant's plea without a cautionary instruction. *See Commonwealth v. Geho,* 223 Pa.Super. 525, 302 A.2d 463 (1973) (where some of defendants charged jointly plead guilty, it is incumbent upon trial judge to give adequate and clear cautionary instructions to jury to avoid "guilt by association" as to the remaining defendant being tried). However, we also agree with the trial court's conclusion that the error was harmless due to Appellant's confession. *See Commonwealth v. Story,* 476 Pa. 391, 383 A.2d 155 (1978) (the proper standard for determining whether an error involving state law is harmless is the same as the standard this Court applies to federal constitutional error: an error can be harmless only if the appellate court is convinced beyond a reasonable doubt that the error is harmless). Further, the introduction of the guilty plea was appropriate because it was used to introduce MacDougall's size as physical evidence. The trial court properly analyzed the situation for claims two and three:

> The most powerful piece of evidence against the Defendant was his own lawfully obtained confession. See Commonwealth Exhibit 4, and N.T. 9/23/02 at 149–159. The introduction of the plea

was not solely for the purpose of showing a co-conspirator's guilt. *U.S. v. Gambino,* 926 F.2d [1355] at 1363 [3d Cir.1991] (specter of guilt by association not implicated when plea introduced for some other purpose). The plea evidence was necessary to tie the evidence of MacDougall's size to the Defendant's crime. It would have been meaningless to have marched MacDougall before the jury without proof of his plea. Additionally, the impact of the plea evidence was tempered by evidence that the Defendant had renounced the plea and was appealing his sentence. Finally, the prosecutor did not refer to the plea during his closing argument.

*Id.* at 1364.

¶ 20 Appellant has waived his fourth claim regarding the court's omission of a corrupt source instruction. Any party who fails to request instructions on any aspect of a case at trial is precluded from claiming error or insufficiency of the jury instructions on appeal. *See Commonwealth v. Rineer,* 310 Pa.Super. 241, 456 A.2d 591 (1983) (in order to preserve issues regarding a charge to the jury, a specific objection must be made, even where jury instructions have been timely offered and refused); *Commonwealth v. Williams,* 458 Pa. 319, 326 A.2d 300 (1974) (no allegation of error will be considered by appellate court unless properly raised by specific objection at time of trial); *also* Pa.R.Crim.P. 647(b); Pa.R.A.P. 302(b). Here, even if Appellant had not waived his right by failing to object to the omission of a corrupt source instruction, we would not find error or an abuse of discretion. We agree with the trial court's determination that a corrupt source instruction was inappropriate in this situation. No testimony was offered by an accomplice. MacDougall refused to testify at trial. MacDougall was shown to the jury only to illustrate his

size in relation to the co-defendants. The trial court properly reasoned: "The purpose of the corrupt source charge is to insure that a jury can properly assess an accomplice's credibility. There is no credibility issue in the jury observing Mr. MacDougall's height."

¶ 21 Lastly, Appellant claims that his trial counsel was ineffective on four grounds. Our Supreme Court has made clear that ineffectiveness claims are not to be raised in the first instance on direct appeal but must first await collateral review. *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002); 42 Pa.C.S.A. § 9541. The Supreme Court has held, however, that where the trial court has held a hearing on a claim of trial counsel's ineffectiveness, and the record has been fully developed on that issue, it is appropriate for this Court to review an ineffectiveness claim on direct appeal. *Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831 (2003).

¶ 22 Here, Appellant's ineffectiveness claims were first raised in his post-sentence motions. However, the trial court did not hold a hearing on the issues. Thus, we do not have a record which we can review Appellant's claims.

¶ 23 In post-*Grant* cases, the Supreme Court has made clear its "strong preference...to postpone review of all ineffectiveness claims to the collateral process...." *Commonwealth v. Mitchell*, 576 Pa. 258, 839 A.2d 202 (2003). *See Commonwealth v. Overby*, 575 Pa. 227, 836 A.2d 20 (2003) (ineffectiveness raised in 1925(b) statement; although case remanded for opinion, no evidentiary hearing was held so *Grant*, not *Bomar*, applies). We conclude, therefore, that when ineffectiveness claims are raised in a post-sentence motion, the trial court does not hold an evidentiary hearing, and the motion is denied by operation of law, *Grant* requires that the ineffectiveness claims be deferred until a collateral proceeding.

¶ 24 Petition for allowance of appeal granted. Judgment of sentence affirmed. Ineffective assistance of counsel claims dismissed without prejudice. Jurisdiction relinquished.

¶ 25 KLEIN, J. files Dissenting Statement.

DISSENTING STATEMENT BY KLEIN, J.:

¶ 1 I dissent. Under these circumstances, I believe sentencing a nineteen year old defendant to a 100 year maximum sentence is excessive.