J. S69028/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES WEBSTER HINTON, III, | : | |
| | : | |
| APPELLANT | : | No. 356 MDA 2016 |

Appeal from the Judgment of Sentence October 6, 2015
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0003678-2014

BEFORE: STABILE, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED JANUARY 24, 2017**

Appellant, Charles Webster Hinton, III, appeals from the Judgment of Sentence entered by the Court of Common Pleas of Cumberland County after he pled guilty to kidnapping and related offenses. Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

On December 9, 2014, Appellant abducted his estranged wife and their two small children from a custody exchange while in possession of a firearm, and transported them from Carlisle to Shippensburg. On September 14, 2015, he pled guilty to one count each of Kidnapping, Carrying a Firearm Without a License, and Simple Assault.[1]

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2901(a)(3), 6106(a)(1), and 2701(a)(3), respectively.

On October 6, 2015, after consideration of the pre-sentence report and the information provided at sentencing, the trial court sentenced Appellant to an aggregate term of 66 to 168 months' incarceration.[2] After the denial of his Post-Sentence Motion to Modify Sentence, Appellant timely appealed. He filed a Pa.R.A.P. 1925(b) Statement, as ordered; the trial court filed a Pa.R.A.P. 1925(a) Opinion.

Appellant raises the following issue for our review:

In consideration of the evidence presented at sentencing, did the trial court commit an abuse of discretion by sentencing Appellant without proper consideration of the Pennsylvania sentencing factors, and by running the sentences from all counts consecutive to one another?

Appellant's Brief at 6.

Appellant concedes that his sentences fall within the permitted standard ranges, but avers that the trial court abused its discretion "by sentencing Appellant without proper consideration of the Pennsylvania sentencing factors enumerated in 42 [Pa.C.S.] § 9721(b), specifically, Appellant's rehabilitative needs and potential."[3] *Id*. at 11. He contends that

---

[2] The court imposed standard guideline range sentences, to be served consecutive to one another, as follows: Kidnapping, 48 to 120 months; Carrying a Firearm Without a License, 12 to 14 months; and Simple Assault, 6 to 24 months.

[3] Section 9721(b) provides, in relevant part, that in determining an appropriate sentence, "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact

by ordering consecutive sentences where "all of the crimes consisted of one episode of criminal conduct that all occurred at the same time," the trial court "contradicted the norms that underlie the sentencing process." ***Id***.

In asserting that his sentence was excessive as a result of the imposition of consecutive terms of imprisonment, Appellant is challenging the discretionary aspects of his sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*) (citation and quotation marks omitted). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) **whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence**, ***see*** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted) (emphasis added).

---

on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

Appellant here timely appealed, preserved his issue in a Post-Sentence Motion, and provided a Pa.R.A.P. 2119(f) statement. We next assess whether Appellant raised a substantial question for review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

In his Rule 2119(f) statement, Appellant avers that because the court imposed consecutive sentences without considering his rehabilitative needs and potential, the sentence "contradicts the norms that underlie the sentencing process." Appellant's Brief at 11. This claim presents a substantial question for review. **See Commonwealth v. Riggs**, 63 A.3d 780, 786 (Pa. Super. 2012) (holding that an allegation that a sentence violates a fundamental norm underlying the sentencing process raises a substantial question); **Commonwealth v. Dodge**, 77 A.3d 1263, 1273 (Pa. Super. 2013) (holding that the appellant's challenge to the consecutive nature of his sentence raised a substantial question).

Having determined that Appellant's issue on appeal raises a substantial question for review, we turn to the merits of Appellant's sentencing challenge.

"In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard." *Dodge*, 77 A.3d at 1274 (citation omitted). Additionally, "this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." *Id.* Section 9781(c) provides:

> (c) Determination on appeal.—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

- 5 -

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

On appeal, Appellant claims that the trial court abused its discretion in sentencing him to consecutive rather than concurrent sentences, because he was "only twenty-two years of age when the incident occurred" and his "actions occurred within the midst of a frustrating, and to Appellant, overwhelming marital separation." Appellant's Brief at 13. He notes that he has no criminal history and "remains one hundred percent compliant with the Court's Order prohibiting contact with the victim." *Id*. at 14.

After a thorough review of the record, the briefs of the parties, the applicable law, and the comprehensive and well-reasoned opinion of the trial court, we conclude that there is no merit to Appellant's issue on appeal. We find no abuse of discretion in the trial court's conclusion that "concurrent standard range sentences would have depreciated from the seriousness of each offense and any lesser sentence would have taken away from the seriousness of the crimes inflicted upon the victims." Trial Ct. Op., dated 5/5/16, at 4. Accordingly, we adopt the trial court's Pa.R.A.P. 1925(a) Opinion as our own, and affirm Appellant's Judgment of Sentence.

The parties are instructed to attach a copy of the trial court's Rule 1925(a) Opinion to all future filings.

Judgment of Sentence affirmed.

J. S69028/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2017

COMMONWEALTH

v.

CHARLES W. HINTON, III.

**Commonwealth of Pennsylvania**

County of Cumberland

IN THE COURT OF COMMON PLEAS
OF THE NINTH JUDICIAL DISTRICT

CP-21-CR-3678-2014

### IN RE: OPINION PURSUANT TO Pa.R.A.P. 1925(a)

*PLACEY, C.P.J., 5 MAY 2016*

### PROCEDURAL HISTORY WITH RELEVANT FACTS

Appellant was charged with Kidnapping, Theft by Unlawful Taking or Disposition, Firearms Not to be Carried Without a License, Unlawful Restraint, Terroristic Threats, and Simple Assault out of an incident at on December 9, 2014, where 22-year-old Appellant, with use of a firearm, abducted his two small children and his estranged wife from a custody exchange in Carlisle and transported them to Shippensburg. On September 14, 2015, Appellant pled guilty to a count of Kidnapping, a count of Firearms Not to be Carried Without a License, and a count Simple Assault. Appellant was sentenced to an aggregate term of incarceration of sixty-six (66) to one-hundred-sixty-eight (168) months. Appellant received guideline standard range sentences of forty-eight (48) to one-hundred-twenty (120) months of incarceration for the Kidnapping, twelve (12) to twenty-four (24) months on the Firearm Not to be Carried Without a License, and six (6) to twenty-four (24) months on the Simple Assault. All sentences

were run consecutive to one another, that is to say, they were successive to one another to arrive at the total aggregate sentence.

On October 15, 2015, Appellant filed a Post-Sentence Motion to Modify Sentence. Appellant's Post-Sentence Motion was denied in an Order, dated February 18, 2016, which succinctly stated any lesser sentence for each offense pled would have taken away from the seriousness of the crimes inflicted upon the victims and that concurrent standard range sentences would have depreciated from the seriousness of each offense. On March 2, 2016, Appellant filed a Notice of Appeal and was directed to file a Concise Statement of Errors, which was filed on March 15, 2016.

## DISCUSSION

*Statement of law.* A defendant raising an excessive sentence challenge must raise a substantial question specifying how the court erred or abused its discretion. *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005). "Sentencing is a matter vested in the sound discretion of the sentencing judge and will not be disturbed on appeal absent a manifest abuse of discretion." *Id.* "When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). A substantial question must elicit a belief that a sentence is manifestly excessive. *Id.* A defendant is required to show "that the court ignored or misapplied the law, exercised judgment for reasons of partiality, bias, prejudice, ill-will or a manifestly unreasonable decision." *Perry*, at 602.

"In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing judge's discretion, as he or she is in the best

2

position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference." *Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003). In determining sentencing, a court retains the discretion to run a sentence concurrently or consecutively to other sentences. *Id.* Furthermore, a sentencing court is given "broad discretion in choosing the range of permissible confinements which best suits a particular defendant and the circumstances surrounding his crime." *Commonwealth v. Boyer*, 856 A.2d 149, 153 (Pa. Super. 2004).

In sentencing generally "the court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question." *Commonwealth v. Moury*, 992 A.2d 442, 171 (Pa. Super. 2006). In the only the most extreme circumstances can the imposition of consecutive, rather than concurrent, sentences raise a substantial question. *Id.*

*Application of law to the facts.* Appellant argues this Court committed an abuse of discretion in sentencing Appellant without proper consideration of the Pennsylvania Sentencing Factors and by running all counts consecutive to one another. Appellant argues that the criminal action was one episode of criminal conduct that occurred at the same time and as such the sentences should have run concurrent, especially considering Appellant's character and no prior criminal history. While the crimes occurred in close temporal proximity to one another and were related, this does not mean the sentences were required to run concurrent to one another. The court has discretion to impose sentences consecutively or concurrently in cases where the criminal actions require a serious sentence based on the nature of the criminal actions.

3

At Sentencing and reflected in the Sentencing Order, Probation's pre-sentence report and the information provided at sentencing, together with argument of counsel were considered in the imposition of consecutive standard range sentences. Furthermore, as stated in the Order denying Appellant's Post-Sentence Motion, concurrent standard range sentences would have depreciated from the seriousness of each offense and any lesser sentence would have taken away from the seriousness of the crimes inflicted upon the victims.

## CONCLUSION

Appellant is the most dangerous predatory criminal known to man, one who preys on his defenseless family with a firearm. No lesser restrictive fix, cure or other rehabilitative remedy was presented that would appropriately address the level of Appellant's criminality. Appellant received an appropriate sentence based on the traumatic and terrorizing nature of his **crimes** and it was an appropriate sentence within the sound discretion of the court.

By the Court,

Thomas A. Placey          C.P.J.

Distribution:
Charles J. Volkert, Esq.
Drew F. Deyo, Esq.
Court Administration

4