J-S40044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GARY A. FOLEY, JR. | : | |
| | : | |
| Appellant | : | No. 3094 EDA 2017 |

Appeal from the Judgment of Sentence August 11, 2017
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0001424-2016

BEFORE:   LAZARUS, J., DUBOW, J., and PLATT*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 25, 2018**

Gary A. Foley, Jr., appeals from the judgment of sentence, entered in the Court of Common Pleas of Northampton County, after he pleaded guilty to murder of the third degree.[1]  After careful review, we affirm.

On February 24, 2015, the Lehigh Township Police Department responded to a distress call regarding a female child (K.D.), then 17 months old.  Upon arriving at the scene, police observed Foley performing CPR on K.D.  Foley informed the officers that the child had begun choking on a hot dog while he was changing her diaper.  First responders transported K.D. to a local hospital, where she succumbed to her injuries.  An autopsy revealed that the infant's cause of death was blunt force trauma, resulting from multiple severe injuries to her head.   K.D.'s death was ruled a homicide.

_____

[1] 19 Pa.C.S.A. § 2502(c).

_____
*   Retired Senior Judge assigned to the Superior Court.

Foley was arrested on March 17, 2016 and charged with one open count of criminal homicide and four counts of endangering the welfare of a child. He filed an omnibus pre-trial motion which included a claim for Habeas Corpus relief, which was denied on January 12, 2017. After a series of continuances and before the scheduled criminal trial, Foley was presented with a proposed guilty plea to murder in the third degree with a minimum sentence of fourteen years, which the trial court again denied. However, on June 30, 2017, Foley pleaded guilty to murder in the third degree with no sentence bargain.

On August 11, 2017, the trial court sentenced Foley to twenty to forty years' incarceration in a state correctional facility. On August 21, 2017, Foley filed a post-sentence motion for reconsideration of sentence, which the trial court denied. This timely appeal followed. Both the trial court and Foley have complied with Pa.R.A.P. 1925. On appeal, Foley argues his sentence is manifestly excessive because the trial court did not consider certain mitigating factors:   (1) his employment history; (2) lack of prior criminal record; and (3) his poor living conditions, which he alleges caused him severe stress.

Our standard of review regarding challenges to the discretionary aspects of sentencing is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

- 2 -

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

The right to appeal the discretionary aspects of a sentence is not absolute. *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004). To determine if this Court may review the discretionary aspects of a sentence, we employ a four-part test: "(1) [W]hether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify [the] sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code." *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (internal citations omitted).

Here, Foley preserved his issues in his motion for reconsideration and timely filed a notice of appeal. His issues were also properly raised in his Pa.R.A.P. 1925(b) statement. Furthermore, Foley included in his appellate brief a Pa.R.A.P. 2119(f) concise statement of reasons relied upon for allowance of appeal, asserting "the Trial Court's imposition of the maximum sentence for third-degree murder, despite Foley's lack of a prior criminal record, is manifestly excessive." Brief of Appellant, at 9-10.

An appellant raises a substantial question if he can show "actions by the trial court inconsistent with the Sentencing Code[2] or contrary to the

---

[2] 42 Pa.C.S.A. §§ 9701 – 9799.75.

fundamental norms underlying the sentencing process." ***Commonwealth v. Bowen***, 55 A.3d 1254, 1263 (Pa. Super. 2012) (citation omitted). "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." ***McAfee***, 849 A.2d at 274.

"[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***See, e.g., Commonwealth v. Downing***, 990 A.2d 788, 903 (holding appellant did not raise substantial question where he alleged the trial court failed to consider the mitigating factors of his employment history, education background, and his struggles with family). However, if the appellant alleges the trial court erroneously relied on factors not of record, we will hold the appellant raises a substantial question. ***See Commonwealth v. Druce***, 796 A.2d 321, 334 (Pa. Super. 2002) (holding appellant raised a substantial question by alleging the trial judge imposed a sentence "not based on evidence that was presented to him but based on comments reportedly made by [appellant] to a newspaper[.]").

Here, Foley's claim that the trial court failed to consider his employment history, lack of prior criminal record, and his poor living conditions does not amount to a substantial question. Foley's sentence was within the sentencing guidelines, and his alleged mitigating factors were all on the record and were considered by the trial judge. The trial court properly formulated a sentence "individualized to that particular case and that particular defendant." ***Commonwealth v. Boyer***, 856 A.2d 149, 153 (Pa. Super. 2004).

Therefore, Foley's claim that the trial court failed to consider mitigating factors does not raise a substantial question, and he cannot invoke our jurisdiction to review the merits of his case. We affirm Foley's judgment of sentence.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/18

---

[3] Even had Foley raised a substantial question for our review, his claim is without merit. If the trial court had the benefit of a presentence investigation report ("PSI") and imposed a standard-range sentence, "we will not consider the sentence excessive." **Commonwealth v. Corley**, 31 A.3d 293, 298 (Pa. Super. 2011). Here the trial court had the benefit of a PSI, which included "information about [Foley's] age, his educational background, prior arrests, employment history, military involvement, and familial background." Brief of Appellee, at 9. The court also imposed a standard range sentence. Foley is entitled to no relief.