J-S63019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN JAY DECROIX | : | |
| | : | |
| Appellant | : | No. 254 WDA 2018 |

Appeal from the Judgment of Sentence January 23, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006128-2017

BEFORE:   OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED OCTOBER 25, 2018**

Justin Decroix (Appellant) appeals from the judgment of sentence imposed after he pled guilty to three counts of person not to possess a firearm and one count of simple assault.[1]  We affirm.

On May 5, 2017, Jefferson Hills Police received "reports of a male with an automatic rifle who was threatening suicide."  N.T., 10/30/17, at 7.  When officers arrived on the scene, they encountered Appellant, who "ultimately was able to be apprehended and was taken into custody and delivered to Western Psychiatric Hospital."  *Id.* at 8.  On May 7, 2017, the officers returned to where they located Appellant "in the woods" and recovered an operable firearm.  *Id.* at 9.  Additionally, the officers executed a search warrant for Appellant's residence.  When the officers arrived to serve the warrant, Appellant was

_____

[1] 18 Pa.C.S.A. §§ 6105(a), 2701(a).

_____

* Former Justice specially assigned to the Superior Court.

present and became agitated, rushed the officers, and struck one officer with his shoulder and knocked him to the ground. The officers recovered two operable firearms from the residence. *Id.* at 8-9. As a result, Appellant was charged with the aforementioned crimes.

On October 30, 2017, Appellant appeared before the trial court and entered his guilty plea. Appellant's sentencing was deferred for the preparation of a pre-sentence investigation report. On January 23, 2018, the trial court sentenced Appellant to an aggregate 3 to 15 years of incarceration. Appellant filed a timely post-sentence motion on January 25, 2018. The trial court denied his post-sentence motion that same day. On February 20, 2018, Appellant filed this timely appeal. Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents a single issue for our review:

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING [APPELLANT] TO A MANIFESTLY EXCESSIVE AGGREGATE SENTENCE OF 3 TO 15 YEARS' INCARCERATION WITHOUT MAKING ANY OF THE REQUIRED FACTUAL FINDINGS FOR A SENTENCE OF TOTAL INCARCERATION UNDER 42 PA.C.S. § 9725, OR CONSIDERING THE REQUIRED SENTENCING CRITERIA UNDER 42 PA.C.S. § 9721(b)?

Appellant's Brief at 5.

Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014),

*appeal denied*, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." ***Id.*** We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), ***appeal denied***, 86 A.3d 231 (Pa. 2014). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted), ***appeal denied***, 91 A.3d 161 (Pa. 2014).

Here, Appellant has complied with the first three prongs of the discretionary aspect test to invoke our jurisdiction by raising his issue in a timely post-sentence motion, filing a timely notice of appeal, and including in his appellate brief a Rule 2119(f) concise statement. ***See*** Appellant's Brief at 14-18. Additionally, by asserting that the trial court's sentence violated provisions of the Sentencing Code, specifically for failing to take into consideration the requirements of 42 Pa.C.S.A. § 9725 and 42 Pa.C.S.A. § 9721(b), Appellant has raised a substantial question. ***See Commonwealth***

***v. Derry***, 150 A.3d 987, 992 (Pa. Super. 2016) ("An averment that the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of Appellant, as 42 PA.C.S. § 9721(b) requires[,] presents a substantial question for our review[.]").

Because Appellant has satisfied each of the criteria for invoking our review of a discretionary aspects of sentencing claim, we turn to the merits of his argument. The relevant standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

***Commonwealth v. Cook***, 941 A.2d 7, 11-12 (Pa. Super. 2007) (internal quotations and citations omitted).

Appellant alleges two specific errors by the trial court. Appellant first argues that the "trial court did not make any of the required factual findings pursuant to § 9725, and the records of the plea and sentencing hearings do not support such findings." Appellant's Brief at 26. Section 9725 provides:

> The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:
>
> (1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;
>
> (2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or
>
> (3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

42 Pa.C.S.A. § 9725.

The trial court made the following factual findings at Appellant's sentencing hearing:

> This is the second case involving very concerning behavior and weapons. And [Appellant] seems to have mastered the art of convincing WPIC that he's not homicidal or suicidal, even though he has threatened to kill himself and others with guns. He also has a violation pending at 2012-14201 . . . he's a convicted violator of his probation on the 2012 case by virtue of the new case. . . . Unfortunately though, this has been an ongoing pattern. He has a 2007 conviction for prohibited offensive weapons other than a knife/switchblade. And when the police were called on the 2012 case, he had weapons. And then he was taken on the other 2012 case to Jefferson Hospital, he was aggressive and violent at that point. He seems to do well for the period of time, but the problem with [Appellant] is when he goes off the rails, he really goes off the rails. Certainly the evidence revealed firearms, ammunition, brass knuckles. This is somebody who he himself, and his mother know cannot possess weapons. . . . I just don't think [Appellant] has demonstrated a complete understanding of the significance of his mental health issues and treatment.

N.T., 1/23/18, at 5-6, 8-9, 10. Additionally, while imposing Appellant's sentence in open court, the trial court stated:

> So [Appellant], at the new conviction, I am going to the aggravated range of guidelines, because of the seriousness of each of these incidences and your inability to deal with the mental health issues that you [] have, before the safety of the community as well as your own safety. . . . I will let you demonstrate through your treatment course in the state, whether you've reached a point where you're safe to return to the community and under what supervision or conditions. And I do this with compassion for your serious mental illness, but also in recognition of the very serious danger that you present to the community.

*Id.* at 15-16.

Consistent with the foregoing, we conclude that the trial court made the required factual findings under Section 9725 of the Sentencing Code, and therefore, Appellant's assertion that it failed to do so is meritless. Our review reveals that the trial court made the requisite findings at the time of Appellant's sentencing with regard to the risk Appellant poses to the community if he is not incarcerated, his need for mental health treatment while incarcerated, as well as a thorough analysis of the nature and circumstances of the crimes to which Appellant pled. The trial court also addressed Appellant's history, character, and current condition. We therefore determine that the trial court appropriately applied Section 9725.

Appellant additionally asserts that the "trial court abused its discretion by failing to place adequate reasons on the record and failing to consider [Appellant's] nature and character, particularly his mental health history and plans for future treatment, before imposing a manifestly excessive sentence of 3 to 15 years' incarceration." Appellant's Brief at 26.

The relevant portion of 42 Pa.C.S.A. § 9721(b) states:

> In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

*Id.*

This Court has also held that, "When a sentencing court has reviewed a pre[-]sentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence." *Baker*, 72 A.3d at 663, (citing *Commonwealth v. Fowler*, 893 A.2d 758, 767 (Pa. Super. 2006)). Additionally:

> [i]n imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b). The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.

*Fowler*, 893 A.2d at 767-68, (citing *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004)) (some internal citations omitted).

At Appellant's sentencing, the trial court specifically stated on the record, "[w]e do have a PSI here, which I have read." N.T., 1/23/18, at 3. As the trial court indicated on the record that it was informed by Appellant's pre-sentence investigation report, it properly satisfied the requirement of Section 9721(b) that the reasons for the imposition of his sentence be placed on the record. Moreover, the trial court provided an in-depth analysis of Appellant's mental health issues, violence towards police officers during the instant criminal episode, as well as his proclivity for possessing weapons – all of which factored in the trial court's imposition of Appellant's sentence. The trial court explained:

> Appellant had engaged in nearly identical conduct previously and was given a sentence of probation to address his mental health needs. This Court sentenced Appellant in the aggravated range of the Sentencing Guidelines, "because of the seriousness of each of these incidences and [Appellant's] inability to deal with the mental health issues" and to ensure the safety of the community as well as Appellant's own safety. The sentence imposed was designed to protect the community while allowing the possibility for Appellant to address his mental health needs and reenter society as a rehabilitated man.

Trial Court Opinion, 4/9/18, at 6 (citations to record omitted).

For the reasons discussed above, Appellant's assertion that the trial court's sentence failed to comply with Section 9721(b) is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2018