J-S16021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY HOWARD SCHNURE | : | |
| | : | |
| Appellant | : | No. 1745 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 14, 2018
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s): CP-44-CR-0000629-2017

BEFORE: OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.: **FILED APRIL 16, 2019**

Jeffrey Howard Schnure (Appellant) appeals from the judgment of sentence imposed after he pled guilty to three counts of aggravated assault, 18 Pa.C.S.A. § 2702. Upon review, we affirm.

The charges arose from an incident that occurred on August 27, 2017, when Appellant assaulted three people with a knife. N.T., 6/26/18, at 9. On June 26, 2018, Appellant appeared before the trial court and pled guilty.[1] The trial court deferred sentencing for the preparation of a pre-sentence investigation report. On August 14, 2018, the trial court sentenced Appellant to an aggregate 7 to 30 years of incarceration.[2]

_____

[1] That same day, Appellant pled guilty to two counts of simple assault at two other criminal dockets.

[2] The trial court sentenced Appellant to consecutive terms of 3 to 10 years at Count 1, 3 to 10 years at Count 2, and 1 to 10 years at Count 3.

Appellant filed a timely post-sentence motion, which the trial court denied on September 25, 2018. Appellant filed this timely appeal on October 22, 2018. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents a single issue for our review:

I. WHETHER THE IMPOSITION OF CONSECUTIVE SENTENCES CREATED A SUBSTANTIAL QUESTION WHERE THE SENTENCING COURT FAILED TO ADEQUATELY CONSIDER THE SENTENCING FACTORS FOR TOTAL CONFINEMENT AND WHERE THE SENTENCING COURT ABUSED ITS DISCRETION IN SENTENCING [APPELLANT] TO AN AGGREGATE SENTENCE OF 7 TO 30 YEARS IN A STATE CORRECTIONAL FACILITY.

Appellant's Brief at 4 (underlining omitted).

Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a

plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Here, Appellant has complied with the first three prongs of the test by raising his discretionary sentencing claims in a timely post-sentence motion, filing a timely notice of appeal, and including in his brief a Rule 2119(f) concise statement. *See* Appellant's Brief at 14-15. Therefore, we examine whether Appellant presents a substantial question for review.

Appellant argues that the trial court's sentence was excessive, and claims that the court "failed to consider the nature and circumstances of the offense and the characteristics of [Appellant] in failing to consider [Appellant's] mental health treatment, care and prognosis." Appellant's Brief at 13. We will consider this argument to raise a substantial question. *See Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) ("This Court has also held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") (citations omitted). We thus review Appellant's sentencing claim mindful of the following:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an

abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (citations omitted).

The relevant portion of 42 Pa.C.S.A. § 9721(b) states:

In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

*Id.*

Additionally:

[i]n imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

*Fowler*, 893 A.2d at 767-68 (citing *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004)) (some citations omitted).

- 4 -

At the August 14, 2018 hearing, before imposing Appellant's sentence, the trial court commented:

> Alright. Well I considered everything that everyone has told me here today. I've read Mr. Baker's report very thoroughly I might add and also Doctor Calvert's evaluation, and this morning [I] listened to what she said. I also listened to the cross-examination how she answered the Commonwealth's questions. And I would have to agree with the Commonwealth. I'm not gonna keep him [Appellant] local. I think he's better off going to state.
>
> I just can't see how I can give him some sort of mitigated sentence on an aggravated charge. To me that's a little bit illogical. I've wrestled with this for a period of time. I remember when it happened. Of course, it was a big story. We're in a small county, probably as much as a double homicide. . . . What happened, what was testified by Doctor Calvert, [Appellant]'s going to be paranoid always to some extent, he has a history of violence that follows him or he makes it, I don't know much about the South Hills incident whether that was him or others. But the Fall incident and, of course, this matter.
>
> * * *
>
> So here it is on [Docket] 629. This, and this is the big stuff because I'm not gonna keep him local on any of this stuff. I think every individual should be counted. I am gonna do consecutive. I think he needs a long tail for this. I'm very concerned about the people in the area, the county, that I have to look [out] for. I'm not even running for re-election; how about that? And just others and this is a big deal. This is nothing to be taken lightly. I will honor your negotiated plea, I'll keep [Appellant] within the sentence within the standard guidelines.

N.T., 8/14/18, at 58-59, 60.

In its order denying Appellant's post-sentence motion, the trial court further explained:

> [Appellant] entered a plea of guilty to three counts of [a]ggravated assault . . . on June 26, 2018. [Appellant's] plea

- 5 -

was conditional on the use of the basic sentencing matrix, and that [Appellant] would be sentenced within the standard range guidelines with the remaining terms of the plea to be left to the discretion of the [c]ourt. The [s]entence imposed on August 14, 2018, was within the standard range of the Sentencing Guidelines and the Pre-Sentence Report was scrutinized by this [c]ourt. The [c]ourt considered the testimony of Forensic Psychiatrist, Terri Calvert, M.D., the letters from the victims, and testimony of [Appellant]. The [c]ourt also considered the mitigating factors, as espoused by [Appellant] in paragraph ten (10) of his Post-Sentence Motion. The [c]ourt found that a State Correctional Facility is best equipped to address [Appellant's] psychological needs.

Order, 9/25/18.

Based on our review of the record, including the above remarks by the trial court, we discern no error. In addition to reviewing Appellant's pre-sentence investigation report, the trial court addressed the factors Appellant advanced at sentencing, specifically referencing the testimony and report of Appellant's expert witness, Dr. Terry Calvert, as well as the severity of Appellant's crimes and their impact on the victims. Ultimately, and in its discretion, the trial court determined that Appellant's crimes necessitated consecutive sentences at all three counts. *See Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) ("We have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court.") (citations omitted). Thus, the record reflects that the trial court weighed the appropriate factors and properly fashioned an individualized sentence for Appellant.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/16/2019