J-S50022-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                :            PENNSYLVANIA
                                                  :
               v.                           :
                                                  :
                                                  :
TYSON JAMES BARRON                :
                                                  :
           Appellant                :      No. 158 WDA 2019

Appeal from the Judgment of Sentence Entered May 30, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004799-2017

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:              FILED SEPTEMBER 20, 2019

Tyson James Barron (Appellant) appeals from the judgment of sentence imposed after a jury found him guilty of delivery of heroin, possession of heroin with the intent to deliver (PWID), and possession of heroin.[1] Upon review, we affirm.

The trial court recounted the evidence presented at trial as follows:

[O]n January 19, 2017, Detective Timothy Capp of the Allegheny County Police Department was conducting surveillance on [Appellant]. Detective Capp followed a red pickup truck driven by [Appellant] around areas of the City of Pittsburgh. [Appellant] was the sole occupant of the pickup truck. At approximately 4:00 p.m., Detective Capp observed the red pickup truck pull into an alley onto H Way. Robert Steiner, an individual known to Detective Capp, then approached the driver's side of [Appellant's] vehicle. Mr. Steiner had come out from behind a house on H Way.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(30), and 780-113(a)(16).

Detective Capp had stopped his vehicle behind [Appellant's pickup] truck, approximately ten yards away. [Appellant] reached his hand out of the driver's side window and dropped white stamp bags into Mr. Steiner's hand. Steiner then handed an unknown amount of currency to [Appellant]. The transaction occurred during daylight hours and Detective Capp clearly observed the transaction.

Mr. Steiner testified that he purchased heroin from [Appellant] on January 19, 2017. He explained that he approached [Appellant's] vehicle on H Way and obtained heroin for cash. He testified that he had sent text messages to [Appellant] to set up the meeting. Mr. Steiner specifically identified [Appellant] at trial and he indicated that he had been purchasing heroin from [Appellant] two to three times per week over a four to six month period. Immediately after he engaged in the heroin transaction with [Appellant], Mr. Steiner was arrested by Detective Jason Mikelonis and the heroin he obtained was seized. The substance seized was, in fact, heroin, as evidenced by the parties' stipulation to the laboratory report confirming this fact. Based on this evidence, [Appellant] was convicted as set forth above.

Trial Court Opinion, 6/25/19, at 2-3.

On May 30, 2018, the trial court sentenced Appellant for delivery of heroin to 22 to 44 months of incarceration, followed by 5 years of probation.[2]

On July 18, 2018, Appellant sent a pro se letter to the trial court asking whether trial counsel, Randall H. McKinney, had filed a notice of appeal. On August 6, 2018, Attorney McKinney filed a motion to withdraw. On September 4, 2018, the trial court entered an order granting Mr. McKinney's motion, and

_____

[2] The trial court merged Appellant's PWID and possession convictions with his delivery of heroin conviction for sentencing purposes. Trial Court Opinion, 6/25/19, at 1; see also 42 Pa.C.S.A. § 9765 ("Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.").

appointing Scott Coffey, Esquire to represent Appellant in seeking post-conviction relief. After conducting a hearing on January 15, 2019, the trial court entered an order reinstating Appellant's post-sentence and appeal rights.

Appellant filed a post-sentence motion on January 22, 2019, in which he raised weight and sentencing claims, and which the trial court denied the same day. Appellant filed a notice of appeal on January 31, 2019. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents the following issues on appeal:

1. DID THE TRIAL COURT ERR IN DENYING APPELLANT'S POST SENTENCING MOTIONS SINCE THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO AN AGGRAVATED RANGE SENTENCE OF 22-44 MONTHS' INCARCERATION, PLUS 5 YEARS' CONSECUTIVE PROBATION, FOR DELIVERY OF HEROIN, WHICH WAS MANIFESTLY EXCESSIVE SINCE AN AGGRAVATED RANGE SENTENCE WAS UNWARRANTED, AS WAS THE CONSECUTIVE 5 YEARS' PROBATION, ESPECIALLY SINCE THE COMMONWEALTH HAD OFFERED APPELLANT, AT THE PRETRIAL STAGE, TO WITHDRAWAL OF THE DELIVERY CHARGE, A PLEA TO POSSESSION, AND 12 MONTHS' PROBATION AND NO JAIL TIME AT THE INSTANT CASE?

2. DID THE TRIAL COURT ERR IN DENYING APPELLANT'S POST SENTENCING MOTIONS SINCE APPELLANT'S JURY TRIAL CONVICTIONS OF DELIVERY OF HEROIN, POSSESSION WITH INTENT TO DELIVER HEROIN AND POSSESSION OF HEROIN WERE AGAINST THE WEIGHT OF THE EVIDENCE SINCE THE CONVICTIONS RESTED SOLELY UPON THE INCREDIBLE TESTIMONY OF DETECTIVE TIMOTHY CAPP, WHO TESTIFIED THAT HE OBSERVED A DRUG TRANSACTION ON 1/19/17 BETWEEN APPELLANT AND HEROIN ADDICT ROBERT STEINER FROM A DISTANCE OF 30 FEET WHILE OPERATING A MOVING VEHICLE, AND THE UNRELIABLE AND UNTRUSTWORTHY

TESTIMONY OF HEROIN ADDICT ROBERT STEINER, WHO RECEIVED A FAVORABLE PLEA DEAL FOR ONLY PROBATION FOR POSSESSION [OF] 8 STAMP BAGS OF HEROIN WHEN CAUGHT ON 1/19/17, AND THE PLEA DEAL WAS PRESUMABLY CONTIGENT UPON STEINER'S TESTIMONY AGAINST APPELLANT?

Appellant's Brief at 3.

In his first issue, Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." Commonwealth v. Buterbaugh, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." Id. We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

Commonwealth v. Baker, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." Commonwealth v. Dodge, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Appellant has complied with the first three prongs of this test by raising his discretionary sentencing claim in a post-sentence motion, filing a timely

notice of appeal, and including in his brief a Rule 2119(f) concise statement. See Appellant's Brief at 9-11. Additionally, Appellant has raised a substantial question by asserting that the trial court erred in imposing his sentence "as additional punishment for [Appellant] proceeding to a jury trial rather than accepting the Commonwealth's plea offer." Id. at 10, 17; Commonwealth v. Barnes, 167 A.3d 110, 123 (Pa. Super. 2017) (en banc) (a claim alleging judicial vindictiveness constitutes a substantial question for appellate review) (citation omitted).

> We review Appellant's sentencing claim mindful of the following:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

Commonwealth v. Cook, 941 A.2d 7, 11-12 (Pa. Super. 2007) (citations omitted).

The Pennsylvania Sentencing Code directs that when a trial court imposes an aggravated range sentence, "it shall state the reasons on the record." 204 Pa. Code § 303.13. Section 9721 also provides: "[I]n every case the court imposes a sentence for a felony or misdemeanor . . . the court

- 5 -

shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed."

42 Pa.C.S.A. § 9721.  We have explained:

> The [trial] court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b).  However, the record as a whole must reflect due consideration by the court of the statutory considerations enunciated in that section.

Commonwealth v. Coulverson, 34 A.3d 135, 145-46 (Pa. Super. 2011) (citations omitted).  Further, "[w]hen a sentencing court has reviewed a presentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence."  Baker, 72 A.3d at 663, citing Commonwealth v. Fowler, 893 A.2d 758, 767 (Pa. Super. 2006).  We stated:

> [i]n imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant.  The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation.  However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.  Additionally, the sentencing court must state its reasons for the sentence on the record.  42 Pa.C.S.A. § 9721(b).  The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.

Fowler, 893 A.2d at 767-68, citing Commonwealth v. Boyer, 856 A.2d 149, 154 (Pa. Super. 2004) (citations omitted) (emphasis added).

Here, Appellant does not expand upon his claim of judicial vindictiveness, stating simply that his aggravated sentence "could be interpreted as being imposed as additional punishment for [Appellant] proceeding to a jury trial rather than accepting the Commonwealth's pretrial plea offer." Appellant's Brief at 17. Further, the record reveals no support for Appellant's contention that the trial court imposed an aggravated range sentence because Appellant refused the Commonwealth's plea offer.

At sentencing, the trial court stated that it had reviewed Appellant's pre-sentence investigation report, "in its entirety." N.T., 5/30/18, at 3. Also, prior to imposing Appellant's sentence, the trial court discussed Appellant's age, criminal record, personal characteristics, remorsefulness, and the effects of his crimes on the community. See id. at 7, 11, 13-14. Ultimately, the court summarized:

> The record in this case supports the sentence imposed by this [c]ourt. The sentencing record reflects that this [c]ourt considered the presentence report, the testimony of [Appellant], the comments presented at the sentencing hearing and the testimony at the jury trial. [Appellant] did not object to the substance of the information contained in the presentence report. As specifically explained on the record at sentencing, this [c]ourt imposed a sentence at the aggravated range because [Appellant] has demonstrated a complete inability to conform his conduct to the law. [Appellant] had been previously convicted in federal court of drug dealing. [Appellant] was on parole at the time of the instant offense as a result of a previous drug-dealing conviction before this [c]ourt. The instant offense was [Appellant's] third felony drug conviction. In this [c]ourt's view, [Appellant's] conduct reflected his own conscious decision to obtain heroin and then sell the heroin on the streets, while being on parole for similar conduct. [Appellant] has demonstrated an utter lack of respect for the law and, in this [c]ourt's view, he

continued to "peddle poison" and be an active participant in the opioid epidemic that is causing substantial harm to many members of our community. The circumstances of the offense of conviction and [Appellant's] background, as summarized at sentencing and in the presentence report, warranted the individual sentence imposed by this [c]ourt.

Trial Court Opinion, 6/25/19, at 5.

Upon review of the record, particularly the notes of testimony from the sentencing hearing, we see no error. The trial court addressed the following comments to Appellant at sentencing:

I can't keep taking the chance on behalf of this community that you will go out there and do it again and again and again. Everybody stands here remorseful in front of the Judge, and they are. I'm not saying you're not. But then they go out there and they get their street sense all over again . . . I don't know what it is. But all of a sudden they are back . . . right back in the groove. You're that guy. Nobody says you're a monster. I don't think you are. I think you're a smart guy, a guy who was brought up well who's making conscious decisions to be a criminal because he wants the money. That's what I think and your history proves that. You did two to six years. You did a federal stint. You think that would persuade somebody of good sense that's a bad idea. Not you, you want to live the life, you got to pay the price, there is no way around it. . . . Think of all the people that could have died. That's the risk you took over and over by dealing in this heroin. More people die every year because of this heroin. You have to know that, you've been in the business for years and there you are dealing again. I can't keep letting you take that risk. That's all there is to it. I can't.

N.T., 5/30/18, at 13-15.

Consistent with the foregoing, there is no merit to Appellant's claim that the trial court abused its discretion in imposing Appellant's sentence.

Next, Appellant asserts that the verdicts were against the weight of the evidence. This claim was properly preserved.[3] We therefore turn to the merits, and our established standard of review:

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

Commonwealth v. Gibbs, 981 A.2d 274, 282 (Pa. Super. 2009) (citations omitted). "[I]t is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony." Id. (citation omitted). Therefore, "[a]n appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence, as the trial judge is in the best positon to view the evidence presented." Commonwealth v. Charlton, 902 A.2d 554, 561 (Pa. Super. 2006) (citation omitted). To allow an appellant "to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and

---

[3] In compliance with Pennsylvania Rule of Criminal Procedure 607, Appellant preserved his weight of the evidence claim by raising it with the trial court in a post-sentence motion for a new trial. Appellant's Post-Sentence Motion, 1/22/19, at 3.

uncertain that the verdict shocks the conscience of the court." Commonwealth v. Talbert, 129 A.3d 536, 545 (Pa. Super. 2016) (citation omitted).

The jury convicted Appellant of delivery of heroin, PWID, and possession of heroin.[4] Both delivery of heroin and PWID are criminalized by 35 P.S. § 780-113(a)(30), which reads:

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited: . . .
>
> (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act[.]

Id.

Possession is defined as, "[k]nowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act[.]" 35 P.S. § 780-113(a)(16).

In asserting that the trial court erred in denying his request for a new trial based on his weight claim, Appellant assails the credibility of Detective Capp and Robert Steiner. Appellant's Brief at 19. Appellant states that it "strains credulity to believe that [Detective Capp] could have been driving his car, watching the road, and simultaneously observe a drug transaction from a distance of 30 feet." Id. Appellant also claims that the testimony of Mr.

---

[4] Pennsylvania law designates heroin a Schedule I controlled substance. See 35 P.S. § 780-104(1)(ii)(10).

Steiner, "who was given a generous plea deal for testifying at trial against [Appellant], could only be viewed as unreliable and untrustworthy since he would have told police and prosecutors whatever he believed that they wanted to hear to save himself from a lengthier sentence." Id.

The trial court explained its denial of Appellant's motion for a new trial as follows:

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, appellate review of a trial court's decision is extremely limited. Unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, weight of the evidence claims shall be rejected. Commonwealth v. Rossetti, [] 863 A.2d 1185, 1191 (Pa. Super. 2004). The fact-finder's rejection of a defendant's version of events or the rejection of an affirmative defense is within its discretion and not a valid basis for a weight of evidence attack. Commonwealth v. Bowen, 55 A.3d 1254, 1262 (Pa. Super. 2011). This [c]ourt has reviewed the record and the verdict does not shock any sense of justice. [Appellant's] only challenge is to the credibility of Detective Capp and Mr. Steiner. This [c]ourt has reviewed their testimony and is of the view that the jury properly weighed the testimony and ultimately deemed it credible.

Trial Court Opinion, 6/25/19, at 6-7.

The trial court did not abuse its discretion in denying Appellant's weight claim. Detective Capp testified that on January 19, 2017, from approximately 10 yards away, he witnessed Appellant sell heroin to Mr. Steiner. N.T., 3/6/18, at 37-38. Defense counsel made multiple attempts to discredit Detective Capp's testimony on cross-examination. See id. at 41-43.

Mr. Steiner testified that on January 19, 2017, he contacted Appellant "to see if I could score some heroin." Id. at 47. Steiner testified that after

- 11 -

communicating with Appellant, he met and paid Appellant $80 for 8 stamp bags of heroin. Id. at 52-53. On cross-examination, defense counsel thoroughly questioned Mr. Steiner about his cooperation with police and the legal consequences of his actions on January 19, 2017. Id. at 57-60.

Appellant's weight claim focuses solely on the credibility of the testimony of Detective Capp and Mr. Steiner. See Appellant's Brief at 17-19. It is well-settled that "the jury [is] the ultimate fact-finder and the sole arbiter of the credibility of each of the witnesses." Commonwealth v. Jacoby, 170 A.3d 1065, 1080 (Pa. 2017). Moreover, our Supreme Court "has found that there is no justification for an appellate court, relying solely upon a cold record, to review the fact-finder's first-hand credibility determinations." Commonwealth v. White, 734 A.2d 374, 381 (Pa. 1999) (citations omitted).

Accordingly, we find no merit to Appellant's weight claim where the jury properly acted as the fact-finder, and the trial court, in denying Appellant's request for a new trial based on the weight of the evidence, did not abuse its discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2019